UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 13-61548-Civ-Rosenbaum/Hunt

JAMES K. FIANO,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

HP LOCATE, LLC,

    Defendant.

_____/

# FIRST AMENDED CLASS ACTION COMPLAINT[1]
## JURY DEMAND

1.    Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012); *Mims v. Arrow Fin. Servs. LLC*, 2012 U.S. LEXIS 906 (U.S. 2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

---

[1] Pursuant to Rule 15, Plaintiff amends his initial complaint within 21 days of service thereof.

3. Plaintiff, JAMES K. FIANO, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, HP LOCATE, LLC, is a Limited Liability Company and citizen of the State of Texas with its principal place of business at Suite 200, 2200 K Avenue, Plano, Texas 75074 .

## FACTUAL ALLEGATIONS

5. For a fee, Defendant offers to locate indebted individuals on the behalf of creditors who have otherwise been unable to locate debtors.

6. The service Defendant offers is sometimes referred to as "skip tracing."

7. In its efforts to locate debtors, Defendant uses pre-recorded telephone messages directed to the neighbors, or former neighbors, of the debtors it is trying to locate.

8. Neither Defendant nor its clients have any business relationship with the neighbors of alleged debtors.

9. Neither Defendant nor its clients have any form of prior express consent to place pre-recorded telephone messages to those neighbors.

10. On or about October 22, 2012, Defendant, or another party acting on its behalf, left a message using an automatic telephone dialing system or an

artificial or pre-recorded voice on Plaintiff's cellular voice mail seeking to locate a former neighbor of Plaintiff.

11. Defendant, or another party acting on its behalf, used an automatic telephone dialing system or an artificial or pre-recorded voice to place other telephone calls to Plaintiff's cellular telephone.

12. None of Defendant telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

13. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

14. Plaintiff incorporates Paragraphs 1 through 13.

15. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

16. Plaintiff incorporates the foregoing paragraphs.

17. This action is brought on behalf of a class.

18. The class is defined as:

    a. all persons to whom Defendant placed any call using an automatic telephone dialing system or an artificial or prerecorded voice to

the recipient's cellular telephone to which the recipient had not consented, in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

  b. during the four-year period prior to the filing of the complaint.

19. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of Defendant's willful or knowing violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class Members are entitled to an award of up to $1,000.00 in additional statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

21. Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

22. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

  a. whether Defendant's messages violate the TCPA.

23. The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

24. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving violations of the TCPA and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

25. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

WHEREFORE, Plaintiff, James K. Fiano, requests that the Court enter judgment in favor of himself and the class against Defendant, HP Locate, LLC for:

    a. Certification of this matter to proceed as a class action;

    b. Statutory damages pursuant to pursuant to 47 U.S.C. §227(b)(3) for the class;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person in the United

States using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party;

      d.      Attorney's fees, litigation expenses and costs of suit; and

      e.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

      Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Fax: (954) 566-2235
don@donyarbrough.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 13-61548-Civ-Rosenbaum/Hunt

JAMES K. FIANO,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

HP LOCATE,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>August 26, 2013</u>, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                      s/Donald A. Yarbrough
                                                     Donald A. Yarbrough, Esq.

## **SERVICE LIST**

JONATHAN Y. SUH, ESQ.
Florida Bar No. 28527
1277 N. Semoran Blvd., Suite 106
Orlando, Florida 32807
Tel: (407) 902-5282
Fax: (407) 749-0318
jonathan@jyslaw.com

RAMONA V. SINGH, ESQ.
Florida Bar No. 48212
382 NE 191st Street, #77246
Miami, Florida 33179
Tel: (786) 759-0621
Fax: (786) 429-0268
ramona@singhpa.com

Via Notices of Electronic Filing generated by CM/ECF