UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:13-cv-61548-RSR

JAMES K. FIANO,
on behalf of himself and
all others similarly situated,

        Plaintiff,

vs.

HP LOCATE, LLC,

        Defendant.
_____/

**DEFENDANT HP LOCATE, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT**

Defendant, HP Locate, LLC (hereinafter "Defendant"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12(b), hereby moves for an entry of an Order dismissing Plaintiff James K. Fiano's First Amended Class Action Complaint. Additionally, pursuant to Fed. R. Civ. P. 12(e), Defendant in the alternative moves for a more definite statement, and in support thereof would show the Court as follows:

**I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

This matter arises out of Plaintiff Fiano's (hereinafter "Plaintiff") allegations that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., by allegedly contacting Plaintiff and other potential class members on their cellular phones using an impermissible automatic telephone dialing system or an artificial or pre-recorded voice.

Plaintiff initially filed his original Complaint on July 18, 2013. Plaintiff and Defendant held a phone conference regarding that original Complaint, and subsequently Plaintiff filed his First Amended Class Action Complaint (hereinafter "Amended Complaint") on August 26, 2013.

Defendant believes Plaintiff's Amended Complaint should be dismissed for the below-stated reasons, or in the alternative should be made more definite.

## II.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### A.   Legal Standard

The determination of whether a court has personal jurisdiction over a nonresident party involves a two-part analysis. *See Cable/Home Communications, Inc. v. Network Productions, Inc.,* 902 F.2d 829 (11th Cir. 1990). First, the court must determine whether the applicable state statute governing personal jurisdiction is satisfied. Next, the court must determine whether the exercise of personal jurisdiction comports with the due process clause of the Fourteenth Amendment. *See Future Tech. Today, Inc. v. OSF Healthcare Systems,* 218 F.3d 1247, 1249 (11th Cir. 2000). The federal due process constitutional analysis requires that the nonresident defendant have sufficient "minimum contacts" with the forum state so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also*, *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253,256 (11th Cir. 1996).

A federal court applying Florida's long-arm statute must construe it as strictly as the Florida Supreme Court. *See Oriental Imports and Exports, Inc. v. Madura & Curiel's Bank, NV.,* 701 F.2d 889, 890 (11th Cir. 1983). Moreover, "[a] plaintiff seeking to subject a nonresident defendant to jurisdiction of the court through the long-arm statute must do more than allege facts that show a possibility of jurisdiction." *Jet Charter Service, Inc. v. Koeck,* 907 F.2d

2

1110, 1112 (11th Cir. 1990). Rather, a plaintiff bears the burden of <u>pleading and proving</u> facts to support personal jurisdiction over the defendant. *Future Tech. Today, Inc.,* 218 F.3d at 1249. This means that where a defendant challenges personal jurisdiction, the plaintiff bears the burden to substantiate his or her allegations of jurisdiction with actual proof. *Id.*

      B.    <u>Plaintiff Failed to Plead Jurisdictional Facts</u>

Here, Plaintiff has not even met his initial burden of <u>pleading</u> facts sufficient to support the exercise of personal jurisdiction over the Defendant. In fact, the only allegation that can even be construed as an allegation regarding personal jurisdiction is that "[…] Defendant placed telephone calls into this District." *See* Amended Complaint at ¶ 2. Nowhere in the Complaint does the Plaintiff allege that any of the acts alleged in Count I occurred in Florida. Nowhere in the Amended Complaint does the Plaintiff allege that any of the potential class members received phone calls in Florida. Accordingly, Plaintiff failed to plead sufficient facts supporting personal jurisdiction over the Defendant.

**III.    MOTION TO DISMISS FOR INADEQUATE PLEADING**

      A.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement … showing that the pleader is entitled to relief[.]" To satisfy Rule 8(a), a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Proper pleading demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atlantic Crp. v. Twombly*, 550 U.S. 544 (2007) (citation and quotation omitted). Courts must apply common sense and experience to evaluate whether the facts pled give rise to a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50. A formulaic

recitation of the elements, because of its conclusory nature, is not entitled to a presumption of truth. *Id*.

Federal Rule of Civil Procedure 10(b) requires that the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances … and each claim founded on a separate transaction or occurrence … shall be stated in a separate count." Fed. R. Civ. P. 10(b).

### B. Plaintiff Failed to Separate Counts and Claims

Plaintiff alleges in Count 1, Paragraph 14 of his Amended Complaint, that he incorporates Paragraph 10, which alleges Defendant made an impermissible phone call to him on or about October 22, 2012.

Plaintiff in Paragraph 15 of his Amended Complaint, while still under the heading of "Count I", Plaintiff alleges that Defendant made "telephone calls" to Plaintiff. Plaintiff did not separate each alleged call into separate counts, nor did Plaintiff set forth when, where, and the number of such calls.

Plaintiff further failed to identify calls to potential class members in any practicable manner, instead generically stating calls were made during a "four-year period prior to the filing of the complaint." *See* Amended Complaint at ¶ 18(b). The general statute of limitations for federal civil actions is four years. 28 U.S.C. § 1658 (2012).

Each violation under the TCPA should be a separate count, as the TCPA sets damages for each violation at either $500.00 or $1500.00, and each alleged call should be litigated separately to see if it meets all the elements and defeats all defenses, including prior express consent. 47 U.S.C. § 227 (2012). Plaintiff's Amended Complaint, and the commingled,

4

conclusory claims contained within should be dismissed as it failed to comport with the Rules and authorities cited in this section.

      C.      <u>Plaintiff Improperly Requested Injunctive Relief</u>

Plaintiff, in his request for relief, asks this Court to grant a permanent injunction preventing Defendant from "placing non-emergency calls to the cellular telephone of any person…" Plaintiff did not address this request for injunctive relief in the body of his Amended Complaint or allege any statements in support of this request.

The Telephone Consumer Protection Act does not provide a general remedy for an permanent injunction regarding "any person." 47 U.S.C. § 227(g)(2). This request should be stricken for inadequate pleading under the Rules and authorities referenced herein.

## IV.    MOTION FOR MORE DEFINITE STATEMENT

      A.      <u>Legal Standard</u>

A motion for a more definite statement is appropriate if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *See* Fed. R. Civ. P. 12(e), A party is entitled to adequate notice of allegations that bear directly on the elements of the claims asserted. *See Betancourt v. Marine Cargo Management, Inc.,* 930 F. Supp. 606, 608-09 (S.D. Fla. 1996).

A pleading that alleges only conclusory allegations without any facts that would give the defendant reasonable notice of the conduct in question or the factual basis for the cause of action is insufficient to state a claim under Fed. R. Civ. P. 8(a). *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (citation omitted) (to avoid dismissal under Rule 12(b)(6) "a plaintiff must plead specific facts, not mere conclusory allegations").

B.      Defendant Cannot Reasonably Respond to Plaintiff's First Amended Complaint

Defendant requests, if this Court denies its motion to dismiss, that in the alternative this Court orders Plaintiff to replead a more definite statement regarding the alleged calls to Plaintiff and the potential class members. Plaintiff does not mention any names, dates, times, locations, or any facts beyond one alleged call on or about October 22, 2012.

The allegations in the First Amended Complaint are so vague, ambiguous, and ill-stated that Defendant cannot reasonably frame a responsive pleading, nor does Defendant have fair notice of the causes of action against it. Defendant is left to decipher bare-bones claims and other conclusory allegations, unless Plaintiff is required to replead (should the Amended Complaint not be dismissed).

WHEREFORE, Defendant respectfully requests Plaintiff's First Amended Class Action Complaint be dismissed or in the alternative Plaintiff be required to make a more definite statement.

Respectfully submitted,

Dated: September 13, 2013

/s/ Jonathan Y. Suh
JONATHAN Y. SUH, ESQ.
Florida Bar No. 28527
1277 N. Semoran Blvd., Suite 106
Orlando, Florida 32807
Tel: (407) 902-5282 Fax: (407) 749-0318
jonathan@jyslaw.com

RAMONA V. SINGH, ESQ.
Florida Bar No. 48212
382 NE 191st Street, #77246
Miami, Florida 33179
Tel: (786) 759-0621 Fax: (786) 429-0268
ramona@singhpa.com
ATTORNEYS FOR DEFENDANT

*[this space left intentionally blank]*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 13th day of September 2013, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and was electronically delivered to Plaintiff at Donald Yarbrough, Esq., P.O. Box 11842, Ft. Lauderdale, Florida 33339, Tel: 954-537-2000, Fax: 954-566-2235, don@donyarbrough.com.

/s/ Jonathan Y. Suh
JONATHAN Y. SUH, ESQ.

.